IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                                                         Civ. No. 20-0259-KG/SCY

ANDREW F. ARIETA,

    Defendant/ Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## ORDER DENYING MOTION TO SEAL

This matter comes before the Court on Plaintiff's Motion for Leave to File Under Seal, (Doc. 145), and the underlying object of the Motion, Plaintiff's Designation of Experts, (Doc. 144), both filed on October 15, 2021. The Court denies the Motion with leave to refile with a more definitive statement of the interests served by sealing the witness list.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation and quotation marks omitted). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted). "The burden is on the party seeking to restrict access to show some significant

interest that outweighs the presumption." *Colony Ins. Co.*, 698 F.3d at 1241 (quotation marks omitted).

The Court notes first that the document does not fall squarely within the strictures of Federal Rule of Civil Procedure 5.2. And second, Plaintiff does not explain specifically why any information in the Designation of Experts should be covered by the Stipulated Confidentiality and Protective Order or the non-disclosure clause of the Marriage Settlement Agreement. The Court further notes that any witnesses disclosed will testify in open court, a public forum, and is unpersuaded that sealing the names now has a practical effect.

Finally, the Court notes that a motion to seal creates an important record for the public, revealing which filings are hidden from the public view and for what reason. Here, Plaintiff has not advanced any interest in keeping Plaintiff's Motion confidential that outweighs the strong presumption in favor of public access to this judicial record.

The Court denies the motion without prejudice. Plaintiff may refile the motion but shall provide a more definitive explanation of (1) how the interests of the parties in sealing the witness list outweigh the public interest in disclosure, (2) how Plaintiff plans to navigate the fact that the same witnesses whose names it seeks to protect will testify in open court, and (3) why any motion to seal, not just the underlying document, should itself be sealed.

In light of the foregoing, the Court hereby DENIES Plaintiff's Motion to Seal with leave to refile with a more definitive explanation.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE