IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                  Civ. No. 20-0259-KG/SCY

ANDREW F. ARIETA,

    Defendant/ Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Andrew F. Arrieta's Motion to Dismiss Plaintiff's Claims for Invasion of Privacy and Breach of Confidence. (Doc. 95). Plaintiff Rachel Kay Keller timely responded and Mr. Arrieta replied. (Docs. 98 and 105). The Court, having considered the briefing and relevant law, grants the Motion and dismisses Counts III and IV of the Second Amended Complaint with prejudice.

I.   *Background*

In this case, Ms. Keller alleges that Mr. Arrieta violated the Non-Disclosure and Non-Disparagement clause of their Marital Settlement Agreement (MSA) when he introduced covered material into a malpractice lawsuit against his divorce attorney. *See generally* (Doc. 90). Ms. Keller originally brought this action seeking damages for breach of contract. (Docs. 1 and 22). Ms. Keller, however, filed a Second Amended Complaint, adding two new claims

1

arising in tort: (1) invasion of privacy and (2) breach of confidentiality. (Doc. 90). Mr. Arrieta now moves to dismiss the two new claims.

A motion to dismiss tests whether a complaint "is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); F. R. Civ. P. 12(b)(6). Courts commonly note that to survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And, in considering the motion, the Court "accepts as true all well-pleaded factual allegations in a complaint and views these allegations in the light most favorable to the plaintiff." *Smith*, 561 F.3d at 1098.

Here, Mr. Arrieta does not challenge the factual sufficiency of the complaint but rather alleges the last two claims cannot be brought as a matter of law. He argues, first, that the tort claims are too similar to the already-pled breach of contract claims to create an independent and valid legal claim. (Doc. 95) at 2–5. He alternatively argues that the invasion of privacy claim fails because he enjoys absolute tort immunity for anything said during litigation. (Doc. 95) at 5–9. Finally, he contends that the breach of confidentiality claim must fail because marriage does not create a duty of confidentiality. (Doc. 95) at 9–10.

II.  Analysis

  A.  *Whether the Torts Arise from an Independent Duty*

Mr. Arrieta urges that the two tort claims are barred by the lack of an independent duty. (Doc. 95) at 2–5. He argues that the Second Amended Complaint "contains no special allegations that amount to a breach of a legal duty that is distinct from, or in addition to, the obligations created by the MSA." (Doc. 95) at 3. This Court agrees that the tort claims do not

arise from a duty distinct from those arising under the contract, and thus grants Mr. Arrieta's Motion for the reasons explained below.

For her part, Ms. Keller counter-argues that invasion of privacy is a tort under New Mexico common law and that she can show each of its elements. (Doc. 98) at 2–5. Whether that is true, the argument does nothing to rebut the contention that the invasion of privacy claim is duplicative of the contract claim. Ms. Keller next contends that invasion of privacy is an independent claim because even if "the MSA did not exist, [Ms.] Keller could still pursue a claim of invasion of privacy against [Mr.] Arrieta." (Doc. 98) at 6. Again, whether this has merit, the question at issue is whether the two claims can be pursued together, not whether they would stand on their own. Finally, she cites the following standard in arguing that the tort claims should be construed as independent of the contract claims: "if the facts constituting the breach of the contract also constitute a breach of a duty owed by the defendant to the plaintiff independent of the contract, a separate claim for tort will lie." (Doc. 98) at 6 (quoting *Porter v. City of Manchester*, 151 N.H. 30, 849 A.2d 103 (2004)). Ms. Keller does not, however, make an argument for why the New Hampshire standard should bind or even guide this Court.

New Mexico courts have spoken on the issue of tort claims which overlap too closely with contract claims. In *Rio Grande Jewelers Supply, Inc. v. Data General Corp.*, for example, the New Mexico Supreme Court disallowed a tort claim in part because "the representations alleged by [Plaintiff] in the negligent misrepresentation count [arising at tort] are precisely the same representations alleged in the counts for breach of express and implied warranties [arising at contract]." 1984-NMSC-094, ¶ 6. That court "emphasized" that "[w]here the parties are otherwise competent and free to make a choice as to the provisions of their contract, it is fundamental that the terms of the contract made by the parties must govern their rights and

3

duties." *Id.* at ¶ 7 (internal alterations omitted) (quoting *Smith v. Price's Creameries, Div. of Creamland Dairies, Inc.*, 1982-NMSC-102, ¶ 9).

The New Mexico Court of Appeals recently issued a similar opinion in which it reasoned that the "[tort] duty must spring from circumstances extraneous to, and not constituting elements of, the contract." *Fogelson v. Wallace*, 2017-NMCA-089, ¶ 86 (holding purchase agreement provided appropriate remedy for developer's failure to complete construction of home and upholding dismissal of duplicative conversion claim). And the Tenth Circuit has adopted similar reasoning based on New Mexico law. Specifically, in *Isler v. Texas Oil & Gas Corporation*, it reversed a jury verdict arising in tort, concluding "the facts alleged in plaintiffs' tort claim are precisely the same as those alleged in their contract claim." 749 F.2d 22, 24 (10th Cir. 1984). That court reasoned that "the contract specifically defined the rights and duties of the parties regarding rental payments and notice, thereby precluding any extracontractual tort duty regarding such payments." *Id.*

Applying that reasoning here, the Court concludes that Ms. Keller's claims for invasion of privacy and breach of confidentiality are precluded because they do not spring from circumstances extraneous to the contract. Ms. Keller claims breach of contract by arguing that she "had a reasonable expectation of privacy arising from the [Non-Disclosure Agreement], which was violated by [Mr.] Arrieta personally, and by and through his attorneys/agents." (Doc. 90) at ¶ 57. Ms. Keller alleges the breach occurred when they "publicly disclosed Keller's private personal, medical, and mental health information in breach of the contract" during the previous litigation. *Id.* at ¶ 61. She claims compensatory monetary damages, but also special damages based on "personal humiliation, mental anguish, anxiety, and embarrassment." *Id.* at ¶ 68.

Next, in her invasion of privacy claim, Ms. Keller alleges that Mr. Arrieta "publicly disclosed Keller's private information concerning her personal life, marriage, divorce, finances, family, medical records and mental health records," again during the previous litigation. *Id.* at ¶ 78. She further alleges the disclosures are "objectionable," that she "has been damaged as a result," and that she is entitled to compensatory and punitive damages. *Id.* at ¶¶ 79, 82, 83.

Finally, in support of a breach of confidentiality claim, Ms. Keller alleges that Mr. Arrieta owed Ms. Keller a duty of confidentiality and that the "private, personal information [Mr.] Arrieta disclosed about [Ms.] Keller to third parties in violation of the [Non-Disclosure Agreement] was confidential, non-public information." *Id.* at ¶ 86. She further alleges that because Mr. Arrieta "is the proximate cause of Keller's damages arising from his breach of confidence," she is entitled to an award of compensatory and punitive damages. *Id.* at ¶¶ 90–91.

As in *Rio Grande* and *Isler*, these tort and contract claims are "precisely the same." They are all based on essentially the same duty (of non-disclosure and/or confidentiality), they allege the same breach (public disclosure of covered marital and health information during prior litigation), and they seek the same compensatory and punitive damages both for losses under the contract and for personal distress. As pled, the alleged torts do not arise out of a duty which is independent of the duty imposed by the contract. The torts claims additionally do not contemplate damages which are distinct from the remedy available under the contract. And, because the parties freely entered into their MSA, the terms of the contract made by the parties "must govern their rights and duties." For these reasons, the Court grants the Motion and dismisses the tort claims.

The claims are dismissed as a matter of law. Ms. Keller did not request leave to amend her complaint. Nonetheless, the Court notes that allowing Ms. Keller an opportunity to amend

would be futile. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (providing that court may dismiss without granting leave to amend, when it would be futile to allow plaintiff an opportunity to amend complaint); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (noting that if "dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice"). Thus, the claims are dismissed with prejudice.

B. *The Economic Loss Rule*

Mr. Arrieta also invokes the very similar economic loss rule, so the Court addresses it next. The economic loss rule essentially prohibits duplicating purely economic recovery at contract and at tort. *See Bull v. BGK Holdings, LLC*, 859 F. Supp. 2d 1238, 1243 (D.N.M. 2012) (citing *Utah Int'l, Inc. v. Caterpillar Tractor Co.*, 1989-NMCA-010, ¶ 17 (adopting the economic loss rule in New Mexico)). The New Mexico Supreme Court has explained, "As a matter of policy, the parties should not be allowed to use tort law to alter or avoid the bargain struck in the contract. The law of contract provides an adequate remedy." *In re Consol. Vista Hills Retaining Wall Litig.*, 1995-NMSC-020, ¶ 28.

That rule applies poorly here because the parties are not in a commercial relationship and are not attempting to recover purely economic losses. *Cf. Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F.Supp.2d at 1174 (reasoning that "under New Mexico law, *when the parties to an agreement are sophisticated commercial entities*, the economic loss rule applies both to contracts for services as well as to contracts for the sale of goods.") (emphasis added).

To the extent that the rule stands for the general proposition that contract and tort claims should not be duplicative, then it weighs against the inclusion of Ms. Keller's tort claims here.

Otherwise, the Court finds the economic loss rule does not bear directly on the claims in this case.[1]

## III. Conclusion

The contract claims and tort claims brought by Ms. Keller are indistinguishable. Because the tort claims do not arise from a duty that exists independent of any duty Mr. Arrieta already owed under the terms of the MSA, the Court dismisses the two tort claims. The Court, therefore, grants Mr. Arrieta's Motion to Dismiss (Doc. 95) and dismisses Counts III and IV of the Second Amended Complaint (Doc. 90) with prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Arrieta raises other issues. First, he argues that he enjoys absolute immunity from tort liability for any alleged breach occurring during litigation. (Doc. 95) at 5. Second, he contends that marriage does not confer a duty of confidentiality. (Doc. 95) at 9. The Court, having granted the motion on the independent duty rule above, need not address these issues further, and declines to do so.