IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

vs.                                                                        Civ. No. 20-259 KG/SCY

ANDREW F. ARRIETA,

    Defendant/Third-Party Plaintiff,

vs.

COOPER & SCULLY, PC; ERIC
HINES; WESLEY G. JOHNSON;
TOM CARSE; and SEAN P. McAFEE,

    Third-Party Defendants.

## ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL

This matter comes before the Court on Plaintiff Rachel Kay Keller's Second Motion To Compel Defendant Arrieta To Provide Discovery And Request For Sanctions, filed July 1, 2022, Doc. 229, and fully briefed July 29, 2022, Docs. 233, 237. Keller moves to compel responses to her Second Set of Interrogatories and Requests for Production to Defendant Arrieta, and moves to reopen Arrieta's deposition for the purpose of obtaining responses to questions his counsel instructed him not to answer. Arrieta opposes the motion. The other parties take no position on it. Doc. 229 at 1. Because the motion is untimely, the Court denies it.

    A.    Background

As relevant to the current motion, Arrieta filed a counterclaim against Keller in which he alleges that, by contract, Keller was to make monthly installment payments to him but that she stopped making payments in April 2020. Doc. 23. Arrieta alleges that "Keller's unilateral and deliberate action to withhold the monthly installment payments without warning to Arrieta has

worked a severe hardship on Arrieta. As a direct consequence of Keller's violation for the Final Decree and breach of the [contract] Arrieta has had to invade the corpus of a trust fund of which he is a beneficiary to meet his monthly income needs, thereby suffering a permanent reduction in the funds in the trust which can be invested." *Id.* at 6 ¶ 11.

Keller served discovery on Arrieta with the aim of finding out what other sources of income were available to him, and what he spent his trust money on when she stopped making payments to him. *E.g.*, Doc. 229 at 4 (inquiring about income from real estate); *id.* at 5 (inquiring about the subject-matter of purchases over $10,000). Arrieta objected on the grounds of relevance and proportionality. *Id.* Similarly, at Arrieta's deposition, Keller's counsel attempted to ask questions about Arrieta's expenditure of $80,000 on two new automobiles and about the value of certain assets owned by Arrieta. *Id.* at 8. His counsel instructed Arrieta not to answer these questions on relevancy grounds. *Id.*

In the present motion, Keller argues the discovery sought is relevant to the counterclaim and to damages, and moves to compel responses to discovery and to reopen the deposition for approximately twenty minutes. *Id.* at 10. Keller also requests that the Court order Arrieta and/or his counsel pay all expenses related to the continuation of his deposition. *Id.* Among his arguments, Arrieta objects to the motion as untimely. Doc. 233 at 2-3, 8-9.

The portion of Keller's motion to compel that relates to written discovery is clearly untimely under Local Rule 26.6. This rule does not apply to depositions, however. And, Keller filed her motion to compel, to include deposition testimony, approximately 6 weeks before the deadline to file motions related to discovery. Nonetheless, Keller also waited to file this motion until approximately 6 months after Arrieta's deposition, approximately 7 weeks after the fact discovery deadline, and almost 3 months after the Court advised the parties that it would not be

inclined to extend the discovery deadline beyond the year and a half already provided to complete fact discovery. Under these circumstances, the Court denies Keller's motion to compel as untimely.

  B.  <u>Written Discovery</u>

Keller's motion to compel responses and quash objections to the requests for production and interrogatories is untimely under the local rules. The local rules provide that:

> A party served with objections to:
> - an interrogatory;
> - request for production or inspection; or
> - request for admission
>
> must proceed under D.N.M.LR-Civ. 37.1 [i.e., filing a motion to compel] within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed. In this case, the party must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days after production or inspection of the documents.
>
> Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period.

D.N.M.LR-Civ. 26.6.

It is undisputed that Keller did not comply with this rule. Keller served the discovery on October 1, 2021. Doc. 142. Arrieta served responses and objections on November 1, 2021. Doc. 151. On November 19, 2021, Keller's counsel sent a good-faith letter disagreeing with the objections and requesting full responses. Doc. 229-2. On December 2, 2021, counsel for Arrieta responded and provided some supplemental information. Doc. 229-3. In neither the November 1 objections nor the December 2 letter did counsel for Arrieta state that the documents will be produced or that the information will otherwise be provided. Quite the opposite. The letter explained:

> It appears that the parties are at fundamental impasse with respect to Interrogatory Nos. 19-20 and Request for Production Nos. 29-30 and 33. Each of these requests seek additional information concerning real property, personal property, business,

3

> and investment transactions. Arrieta disagrees that any further discovery concerning these matters is warranted . . . .
>
> These discovery requests and your letter suggest that the *substance* of Arrieta's spending is subject to review. Having researched the matter, we are aware of no case law that imposes on a claimant in Arrieta's position a duty to *reduce* spending and reduce his standard of living to minimize his losses. Rather, Arrieta maintains that he had a right to continue his lifestyle at a monthly rate of expenditure commensurate to that in effect prior to Keller's unilateral decision to stop making the MSA payments. The only information relevant to this claim is the total *amount* of his spending, not its *substance*.

Doc. 229-3 at 1-2 (emphasis in original).

As Arrieta points out, 21 days from the service of objections was November 22, 2021. Also, as Arrieta points out, giving Keller all benefit of the doubt and assuming the 21 days should be calculated from the good-faith letter response, the time to file a motion to compel under Local Rule 26.6 expired on December 23, 2021. Yet, the current motion to compel was filed on July 1, 2022—six months and eight days after expiration of even the more generous deadline.

Local Rule 26.6 indicates that the Court may alter this period on a showing of good cause. But Keller does not argue there was good cause for waiting six months to file this motion. Instead, Keller argues that the relevant deadline should be the discovery motions deadline of August 19, 2022, under the Court's scheduling order. Doc. 237 at 1-2. Keller also argues Arrieta has waived his right to object to discovery motions on the ground of timeliness, because Keller's First Motion to Compel was untimely under this provision and yet Arrieta did not object on this ground. *Id.* at 2.

Keller is not correct that compliance with the discovery motions deadline excuses compliance with Local Rule 26.6. Keller does not cite any authority for this proposition, and the Court is not aware of any. The discovery motions deadline sets the *latest* time at which a discovery motion may be filed timely. It does not set the earliest, or the only, time at which a

4

discovery motion may be filed timely. Discovery motions deadlines are necessarily set after the close of discovery so that issues that arise at the very end of discovery can be addressed. That does not mean, however, that a party has the right to sit on a discovery motion for months, file it after the close of discovery, and thereby cause discovery to be re-opened. If every discovery motion could wait to be filed months after becoming ripe and until after the close of discovery, Local Rule 26.6's requirement to file motions to compel within 21 days after objections are served would be rendered a nullity.

Regarding Keller's waiver argument, the Court finds that Keller's First Motion to Compel did not present the same situation as the one now before the Court. Keller filed her First Motion to Compel on May 5, 2021 for objections received December 23, 2020. Doc. 112. Counsel exchanged good faith correspondence on February 16, March 1, April 25, and May 4. Docs. 112-3, 112-4, 112-6 & 112-7. In its Order, the Court recognized that "the parties engaged in a good faith conferral process over many months." Doc. 136 at 14.

That is not true of the present Second Motion to Compel, where the parties did not correspond between November 19, 2021 and June 6, 2022, and then Keller waited until July 1, 2022 to file her motion. Docs. 229-2 & 229-4. In addition, Keller filed her First Motion to Compel in advance of the discovery end date. Doc. 83 (at the time, June 24, 2021 for fact discovery). In short, the different circumstances between Keller's First Motion to Compel and Keller's Second Motion to Compel are fatal to Keller's waiver argument.[1] Therefore, the Court denies Keller's request to compel responses to Interrogatory Nos. 19 and 20 and information responsive to Requests for Production Nos. 27-33.

---

[1] The Court also rejects the notion that a party's failure to object to an untimely filing on one occasion automatically estops that party from objecting to the untimeliness of any future unrelated filings.

C.     Deposition testimony

A different analysis pertains to the request to reopen Arrieta's deposition. Local Rule 26.6 does not apply to motions to compel deposition answers. Instead, it applies to written discovery, i.e., when a party is served with objections to an interrogatory, a request for production or inspection, or a request for admission. In support of his argument that Keller's motion is untimely, Arrieta argues that Keller is improperly attempting to obtain information through a deposition that she should have obtained through a motion to compel written discovery. Doc. 233 at 8-9.

More specifically, Arrieta contends that Keller, having not filed a timely motion to compel written discovery responses, should not be allowed to use a motion to compel deposition testimony as a substitute. The Court rejects this argument. Arrieta cites case law holding that a party cannot seek "identical" documents through a subpoena duces tecum where it acquiesced to objections to written discovery by not filing a motion to compel. *Sanchez v. Matta*, 229 F.R.D. 649, 657 (D.N.M. 2004). The Court need not decide whether to follow this nonbinding decision because Keller does not seek "identical" documents through a subpoena duces tecum.

Further, the rule Arrieta advances would cause an increase in the number of motions to compel filed. Afraid that the failure to file a motion to compel on one occasion would preclude doing so on another, a party would be more inclined to file a motion to compel than attempt to obtain the information through some other legitimate means, such as a different discovery tool. Recognizing that a party may obtain a category of information through a variety of discovery tools (including written discovery, a deposition, or both), the failure to obtain the information through one tool should not necessarily preclude the use of another. Thus, a party's inability to obtain information through written discovery because of a procedural defect should not generally preclude the party from obtaining related information through a deposition that is not afflicted

6

with the same procedural defect.

Keller's motion to compel oral discovery in the present case, however, does suffer from the same procedural defect as Keller's motion to compel written discovery: It comes too late. Thus, although the Court rejects Arrieta's specific argument described above, it agrees with Arrieta's general argument that Keller waited too long to file her motion to compel deposition testimony. Arrieta's deposition was on January 7, 2022. Doc. 229-8. On January 27, counsel for Arrieta requested to meet and confer with Keller to determine whether a motion for protective order would be required to resolve the disputes that arose during the deposition.

> I write now to determine whether your client continues to insist upon this line of questioning. If so, Mr. Arrieta will bring the contemplated motion for protective order . . . . However, we suspect that the issue may be moot and Plaintiff's purported need for discovery on these matters may have been sufficiently satisfied in the balance of examination. Please advise whether Ms. Keller insists upon reopening the deposition to pursue the subject lines of inquiry.

Doc. 229-6 at 1-2. Keller's counsel did not respond until June 6, 2022. Doc. 229-4. In the meantime, fact discovery had closed on May 13, 2022. Doc. 199 at 2.

Even though Local Rule 26.6 does not apply to deposition testimony, this months-long delay is too much. "The Federal Rules of Civil Procedure place no prescribed time limit on the outside date for filing a motion to compel discovery." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 332 (N.D. Ill. 2005). "In one regard, however, a line of sorts has been sketched by a series of decisions: motions to compel filed after the close of discovery are almost always deemed untimely." *Id.* Absent a local rule or court order on the subject, there is no clear line between timeliness and untimeliness. *Id.* at 333. "The answer then must necessarily be found in the entire complex of circumstances that gave rise to the motion, and what is untimely in one case may not be in another." *Id.*

To be sure, latitude is appropriate for discovery disputes that arise at or near the close of discovery. That is why the discovery motions deadline falls just outside the close of discovery in a scheduling order. But Keller's motion does not present the situation where a discovery dispute arose toward the end of discovery. Instead, the dispute arose in January and discovery ended in May. There was ample time to resolve this dispute and bring it before the Court prior to the close of discovery.

The Court notes that Keller served both her good-faith conferral letter and her motion to compel discovery after the close of fact discovery. Importantly, discovery began in October 2020. Doc. 55. In April 2022, when the parties asked for yet another extension of discovery, the Court held a status conference rather than granting on the papers the parties' stipulated motion. Doc. 201. At that status conference, the Court expressed concerns with the considerable length of the discovery period to date:

> The Court notes that it entered its scheduling order a year and a half ago. Judge Gonzales is likely waiting for discovery to complete before he sets trial. Judge Yarbrough is interested in making sure this case is ready for trial. If he grants this extension, he wants to hear how the parties anticipate completing discovery within the new proposed deadlines.

Doc. 201 at 1.

Counsel assured the Court that discovery would be finished within the proposed time frame and the parties would not need another extension. *Id.* at 2. Yet, at the time of this representation, Keller was sitting on a dispute over Arrieta's refusal to answer questions about his spending. Keller's waiting to raise this dispute until after the close of discovery, with requested relief that would necessitate extending discovery, is unjustified.

This is especially true given Arrieta's good-faith letter (sent promptly after the deposition) indicated that Arrieta would file a motion for protective order to place the dispute in

8

front of the Court if required, but that Arrieta's counsel believed the issue was moot. Keller apparently did not consider the issue moot, yet waited five months to tell anyone as much.

As Judge Garcia in this District has written, "When faced with a recalcitrant deponent, such as in this case, it was incumbent on Defendants to take prompt action." *Aragon v. Los Lunas Bd. of Educ.*, No. 03cv299, 2007 WL 9709785, at *2 (D.N.M. Mar. 15, 2007). In that case, the motion to compel was untimely where "Defendants knew about Matthew's failure to provide complete testimony at his deposition almost two months before the motion deadline expired" yet "did not act until months later." *Id.* In addition, "Defendants supply no explanation for their delay that might provide the Court with good cause to rule on the merits of the motion." *Id.*

Judge Garcia relied on a case from the Eastern District of Pennsylvania, *Celgene Corp. v. Centocor, Inc.*, 2006 WL 305431 (E.D. Pa. Feb. 8, 2006). In *Aragon* and *Celgene Corp.*, the parties had had ample opportunity for discovery already and discovery deadlines had been extended. 2007 WL 9709785, at *2. The motion to compel was filed over four months after the expiration of the fact discovery deadline. *Id.* "The court further noted other cases in which motions to compel were found untimely, e.g., when a motion was filed less than three months after the discovery deadline had passed, when a motion was filed after an already extended fact discovery deadline, when a motion to compel a deposition was filed on the last day of an already extended discovery period." *Id.* "Additionally, the court in *Celgene Corp.* reasoned that the plaintiff, like Defendants in this case, were aware of the discovery deficiencies 'many weeks, if not months' prior to filing the motion." *Id.*

Everything that was true in *Aragon* and *Celgene Corp.* is true of this case. The parties had a lengthy discovery period that was extended multiple times; the motion to compel was filed a

9

month and a half after the close of fact discovery; the movant was aware of deficiencies five months prior to filing the motion; and the movant supplied no explanation for the delay. Therefore, the Court denies the request to reopen Arrieta's deposition, and denies the request for sanctions against Arrieta's counsel.

    SO ORDERED.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE