IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                Civ. No. 20-0259-KG/SCY

ANDREW F. ARRIETA,

    Defendant/ Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

In this Order, the Court addresses the following Motions to Strike:

(1)    Plaintiff Rachel Kay Keller's Motion to Strike Defendant Andrew Arrieta's Answer to Second Amended Complaint (Doc. 213), which is fully briefed, *see* (Docs. 217, 221);

(2)    Ms. Keller's Motion to Strike Third-Party Defendant McAfee's Response to Plaintiff's Motion for Reconsideration (Doc. 306), which is fully briefed, *see* (Docs. 318, 321);

(3)    Ms. Keller's Opposed Motion to Strike Mr. Arrieta's Reply to Motion to Exclude Expert Beth Meeks (Doc. 326);

(4)    Ms. Keller's Opposed Motion to Strike Mr. Arrieta's Reply to Motion to Exclude Dr. Stuart Sugarman (Doc. 327);

(5)    Ms. Keller's Opposed Motion to Strike Mr. Arrieta's Reply to Motion to Exclude Dr. Jenny Peloquen (Doc. 328).

1

The last three Motions have not yet received responses, but the Court determines responses would not aid in their adjudication. For the reasons explained below, the Court denies each of the five Motions to Strike.

First, Ms. Keller's Motion to Strike Mr. Arrieta's late Answer does not carry its burden of persuasion that striking the Answer is the appropriate remedy for its tardiness. *E.g.*, *United States v. Garcia*, 221 F. Supp. 3d 1275, 1286 (D.N.M. 2016) ("Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike… generally are disfavored."); *see also Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) ("The preferred disposition of any case is upon its merits and not by default judgment." (citation omitted)). Indeed, in her Reply, Ms. Keller represents that she "did not seek" that "harsh result," and instead argues that the Court should strike the Answer only so that it can consider "the scope of what it will allow in the untimely answer" on Mr. Arrieta's Motion for Leave to File his Late Answer (Doc. 218).[1] (Doc. 221) at 4. The Court determines that Ms. Keller's concession renders the Motion to Strike essentially moot and finds it can better address the issues of lateness, excusable neglect, and possible sanctions on Mr. Arrieta's Motion,

---

[1] In her Reply, Ms. Keller suggests she never sought default judgment. It is true that she did not explicitly request default judgment. However, contrary to her current representations, she also did not request a limited remedy like the Court striking only certain portions of the Answer. In fact, her only request on her original Motion was that the Court "strike Defendant Andrew F. Arrieta's Answer to Plaintiff's Second Amended Complaint." (Doc. 213) at 1. Given that Mr. Arrieta had not yet filed his request to file his Answer late, the Court struggles to conceive of what outcome, other than default judgment, Ms. Keller could have sought or intended. The Court reads Ms. Keller's Motion as opening the door to a default. While the Court accepts Ms. Keller's pivot in tactic and change of remedy requested, it notes that candor to the tribunal, accuracy in referencing other briefing, and good faith in filing motions are all highly valued by this Court, required by Federal Rule of Civil Procedure 11, and mandated by the New Mexico Rules of Professional Responsibility.

where those issues are more fully briefed. For those reasons, Ms. Keller's Motion to Strike (Doc. 213) is denied.

Next, Ms. Keller asks the Court to strike Mr. McAfee's Response to her Motion for Reconsideration on the theory that she only agreed to allow Mr. Arrieta, and not the Third-Party Defendants, an extension of time for responses. *See generally* (Doc. 306). The Court notes, however, that its Order granting the Motion for Extensions of Time (Doc. 267) applies to all parties without exclusion. The Court, therefore, finds no sound reason to strike the Response and, preferring to address the reconsideration issues on the merits with full briefing, denies Ms. Keller's Motion to Strike the Response (Doc. 306). The Court is concerned this Motion approached frivolity and waste, however, both brinksmanship and tardiness have been shared by all parties in this litigation. The Court declines to award Mr. McAfee his costs on the Motion.

Last, the Court summarily denies Ms. Keller's three Motions to strike Mr. Arrieta's replies to the three motions *in limine*. Ms. Keller argues that Mr. Arrieta's replies were filed one day late without seeking an extension and therefore urges that the "Court should strike the Reply and disregard all arguments set forth therein in its consideration of the Motion." (Doc. 326) at ¶¶ 6–10; (Doc. 327) at ¶¶ 6–10; (Doc. 328) at ¶¶ 6–10. The Court notes Ms. Keller filed the instant Motions over six weeks after the one-day-late replies. The Court has discretion to "choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Ysais v. New Mexico Jud. Standard Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009), *aff'd sub nom. Ysais v. New Mexico*, 373 Fed. Appx. 863 (10th Cir. 2010). The Court is not persuaded that striking and disregarding the replies is a proportional remedy for being one day late. Preferring to adjudicate the motions *in limine* with the benefit of full briefing, the Court denies Ms. Keller's Motions to Strike (Docs. 326, 327, 328). Because the Court has ruled on the

Motions before opposing counsel has filed a response, the Court again declines to award costs or otherwise sanction Plaintiff's counsel for frivolous filings.

There are numerous motions and myriad important issues remaining for adjudication in this case. The Court is determined to focus its time and attention on those issues in preparation for trial. Indeed, Rule 1 requires that all other rules should be used to "secure the just, speedy, and inexpensive determination of every action and proceeding." The most recent filings needlessly—and, the Court worries, intentionally—multiply the litigation without advancing the case toward resolution. The Court expects that any further filings from any party will adhere to the text and spirit of Rule 1.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE