IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                                                                    Civ. No. 20-0259-KG/SCY

ANDREW F. ARRIETA,

    Defendant/Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court addressing all outstanding motions. (Docs. 218, 236, 242, 252, 253, 254, 257, 258, 260, 261, 262, 263, 291). As more fully explained below, the Court denies most of those motions as moot given the recent partial settlement in this case. Two Motions, (Docs. 257 and 261), will remain active.

I.    *Background*

       This case began as a contract dispute between former spouses arising out of the terms of their divorce. Plaintiff Rachel Kay Keller alleges that Defendant Andrew F. Arrieta violated the Non-Disclosure and Non-Disparagement clause (NDND) of their Marital Settlement Agreement (MSA) when he introduced covered material into a malpractice lawsuit against his divorce attorneys. *See generally* Second Amended Complaint (Doc. 90). Mr. Arrieta, in turn, brought counterclaims against Ms. Keller and a third-party complaint for indemnification and

professional negligence against his former attorneys—third-party defendants Cooper &Scully, PC, Eric Hines, Wesley G. Johnson, Tom Carse, and Sean P. McAfee.  *See* Third Party Complaint (Doc. 23) at 10–13.

Recently, a substantial portion of the issues in this case were resolved when Mr. Arrieta and Ms. Keller settled all the claims and counterclaims between them.  Clerk's Minutes (Doc. 332) (stating claims settled); Plaintiff's Response to Order to Show Cause (Doc. 337) (representing that all issues between Keller and Arrieta have been resolved).  Mr. Arrieta's third-party complaint against the third-party defendants remains.

So, the Court entered an Order to Show Cause which pending motions were still in need of ruling and which were moot.  (Doc. 335).  Each of the parties responded in writing (Docs. 336, 337, 339, 340) and the Court held a telephonic status conference on February 23, 2023, which was attended by counsel for Mr. Arrieta and counsel for the third-party Defendants, (Doc. 342).

There is broad agreement that most pending motions are moot.  Both Mr. Arrieta and Third-Party Defendant Sean P. McAfee agree that Mr. McAfee's Motion to Exclude Partial Expert Opinion of Damon Ely (Doc. 261) is applicable to the ongoing malpractice claim and should be addressed by the Court.  (Docs. 336, 339).  That Motion (Doc. 261) being fully briefed and its proponent and opponent agreeing to its relevance, it will remain active and the Court will rule on  it before trial.

Finally, the parties dispute whether two motions should be moot or should receive rulings: Mr. Arrieta's Motion for Leave to File his Answer to the Second Amended Complaint *Nunc Pro Tunc* (Doc. 218) and the Third-Party Defendants' Motion for Summary Judgment on the enforceability of the NDND (Doc. 257).  The Court addresses each below.

II.     *Rulings on Motions*

    A.  *Summary Denial*

Given the recent settlement between Ms. Keller and Mr. Arrieta, and given the agreement of the parties as to their status, *see* (Docs. 336, 337, 339, 340), the Court denies the following Motions as moot:

- Mr. Arrieta's Motion for Partial Summary Judgment (Doc. 236);
- Mr. Arrieta's Motion *In Limine* to Admit Expert Testimony of Dr. Samuel Roll (Doc. 242);
- Mr. Arrieta's Motion to Expert Expert Testimony of Dr. Stuart Sugarman (Doc. 252);
- Mr. Arrieta's Motion to Exclude Dr. Jenny Peloquen (Doc. 253);
- Mr. Arrieta's Motion for Summary Judgment on Claims of Emotional Distress (Doc. 254);
- Mr. Arrieta's Motion *In Limine* to Exclude Collateral Matter (Doc. 258);
- Mr. Arrieta's Motion to Exclude Expert Beth Meeks (Doc. 260);
- Ms. Keller's Motion for Partial Summary Judgment on Breach of Contract (Doc. 262);
- Ms. Keller's Motion for Reconsideration (Doc. 263);
- Mr. McAfee's Motion to Strike Twila Larkin's Supplemental Report (Doc. 291).

    B.  *Mr. Arrieta's Motion for Leave to File his Answer to the Second Amended Complaint* Nunc Pro Tunc *(Doc. 218)*

The parties dispute whether Mr. Arrieta's Motion for Leave to File his Answer to the Second Amended Complaint *Nunc Pro Tunc* (Doc. 218) is moot or in need of resolution, and what the implications of a ruling may be. Mr. Arrieta, the proponent of the Motion, states he

considers the Motion should be moot. (Doc. 339). Third-party Defendants Cooper & Scully, Eric Hines, and Wesley G. Johnson, however, state the Motion still requires the Court's attention. (Doc. 340) at 2.

Some background is necessary to explain the connection between Mr. Arrieta's Motion and the remaining malpractice claims. Mr. Arrieta filed his Answer to Ms. Keller's Second Amended Complaint (Doc. 207) late, then later filed this Motion for Leave to File his Answer *Nunc Pro Tunc* (Doc. 218). The currently filed, late Answer (Doc. 207) does not re-include Mr. Arrieta's third-party complaint, but the proposed Answer attached to the Motion for Leave does re-state the third-party complaint.

The third-party Defendants explain the relevance of Mr. Arrieta's Motion to the third-party claims, as best as this Court can interpret, in three parts. First, the third-party Defendants urge that the Motion for Leave should be denied because Mr. Arrieta failed to show excusable neglect. (Doc. 340) at 2. Second, they assert that once the Motion is denied, the currently filed Answer to the Second Amended Complaint (Doc. 207) should be considered the operative Answer, despite its lateness. *Id*. Third, and finally, the opportunity the third-party Defendants seek to leverage reveals itself. Because the currently filed Answer does not re-include the third-party claims, they argue, those third-party claims are waived, and no lawsuit against them remains.[1] *Id*.

The core question here is whether a defendant/third-party plaintiff who files an initial answer including a third-party complaint and later files an amended answer not re-stating the third-party complaint waives the third-party complaint. The Court determines the answer is

---

[1] This argument was originally raised by a separate third-party Defendant, Sean P. McAfee, in a Response to Mr. Arrieta's Motion for Leave, (Doc. 224), an argument which he declined to renew in his response to the Order to Show Cause, *see* (Doc. 336).

clearly no.  In the first place, the third-party Defendants provide no authority for their theory, and the Court is aware of none.  Second, the Court concludes that the third-party complaint, even if it is initially included in the original answer, is a separate and distinct document, operating on different parties, than any subsequent amended answer filed in the original action.  The best and clearest support for this is the Federal Rules of Civil Procedure. An answer and a third-party complaint are listed as a distinct pleadings in Rule 7(a).  And answers are governed by Rule 12 while third-party complaints are governed by Rule 14.  Nothing indicates that a valid third-party complaint must be re-filed with each subsequent amended answer at risk of the third-party complaint being waived and the third-party plaintiff suffering a silent default.

So, the Court denies Mr. Arrieta's Motion for Leave to File (Doc. 218) as moot.  That Motion applies only to the settled claims between Mr. Arrieta and Ms. Keller, and its proponent states it should be denied as moot.

And the Court determines that Mr. Arrieta's Third Party Complaint exists at (Doc. 23) and has not been waived.

    C.  *Third-Party Defendants' Motion for Summary Judgment (Doc. 257)*

The parties next dispute whether the Third-Party Defendants' Motion for Summary Judgement (Doc. 257) is moot.  That Motion was originally brought by third-party Defendants Cooper & Scully, Eric Hines, Wesley Johnson, Tom Carse, and Sean McAfee.  *Id*.  Mr. Arrieta later joined in the Motion.  (Doc. 259).  Mr. Arrieta now states the Motion should be moot, and that his joinder of it is also moot.  (Doc. 339) at 2.  Construing that as a motion to withdraw his joinder, the Court grants it.  The Motion, however, is still pursued by its original proponents.

In the Motion for Summary Judgment, the third-party Defendants challenge the enforceability of the NDND on two grounds: that it is substantively unconscionable and that the

attorneys enjoyed an absolute litigation privilege which shields them from liability in this case. *Generally* (Doc. 257).  The Court concludes the issues raised in the Motion are still relevant and material to the malpractice case—perhaps even dispositive—because the questions raised go to the third-party Defendants' liability.  Given this conclusion and the fact that the proponents still seek a ruling on their Motion, the Court will not deny it as moot.

    The adjudication of the Motion presents a unique procedural issue.  With Ms. Keller not a party to the remaining malpractice action, the Motion has no opposition. The Court notes, however, that the Motion is fully briefed, including with a Response in opposition by Ms. Keller, (Doc. 296).  The Court determines that by considering the original briefing, it can be fully informed of the issues and arguments.  So, the Court will rule on the Motion for Summary Judgment (Doc. 257) with the benefit of the original briefing.

    One caveat is that Mr. Arrieta appears to have flipped his position on the Motion. As already described, he originally joined the Motion when it was directed against Ms. Keller but now has withdrawn from it.  At the status conference, counsel for Mr. Arrieta represented he opposes adjudication of the Motion and argued that the issues were no longer applicable to the malpractice claim given the settlement. (Doc. 342).  So, the Court concludes that fairness requires Mr. Arrieta be given an opportunity to be heard.

    Mr. Arrieta may, but is not required to, file a response to the Motion for Summary Judgment (Doc. 257) no later than **Monday, March 6, 2023**.  The third-party Defendants may reply to Mr. Arrieta no later than **Monday, March 13, 2023**.  Because the third-party Defendants already had an opportunity to reply to Ms. Keller's arguments, any new reply should be limited to new arguments raised by Mr. Arrieta.  These dates represent an accelerated briefing schedule,

which the Court finds necessary given the short time before jury selection and the availability of the existing briefing.

III. *Conclusion*

To summarize, the Court denies each of the following Motions as moot: Docs. 218, 236, 242, 252, 253, 254, 258, 260, 262, 263, and 291.

The following Motions shall remain pending: Docs. 257 and 261.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE