IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                            Case No. 1:20-cv-00259 KG/SCY

ANDREW F. ARRIETA,

    Defendant/Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## MOTION *IN LIMINE* OF THIRD-PARTY PLAINTIFF FOR LEAVE TO CALL TRIAL COUNSEL AS A WITNSS AT TRIAL

Third-Party Plaintiff Andrew F. Arrieta ("Arrieta") moves the Court for an *in limine* order permitting the undersigned to testify concerning the nature and value of the legal services provided to Arrieta by Montgomery & Andrews, P.A. (the "Firm") pursuant to NMRA Rule 16-307(A)(2) as adopted in this district by D.N.M.LR-Civ. 83.9.

This motion is opposed following a good-faith request for concurrence in accordance with 7.1(a).

As grounds therefore Arrieta states:

1.    On June 5, 2020 Arrieta filed his *Answer to First Amended Complaint, Counterclaim and Third Party Complaint* (Doc. 23) in this matter.  The Third Party Complaint asserted a claim for indemnity against Third Party Defendants Cooper & Scully, PC, Eric Hines, Wesley G. Johnson, Tom Carse and Sean P. McAfee based on their negligent failure to avoid

breaching the Non-Disclosure and Non-Disparagement clause of the Marital Settlement Agreement ("MSA") in the course of their representation of Arrieta in the *Arrieta v. Bennett, et al.,* Case No. 1:17-cv-00986-PJK-KBM ("Malpractice Case").

2. The Third Party Complaint specifically demanded recovery of the attorney's fees and costs incurred by Arrieta in defending the breach of contract claims asserted by Plaintiff Rachel Keller ("Keller") in this case.

3. The claims asserted by Keller and Arrieta's counterclaims were settled pursuant to a settlement agreement fully executed on February 16, 2023. The final amount of the attorney's fees devoted to defending the claims asserted by Keller, and by way of mitigation of damages, prosecuting Arrieta's counterclaims may now be calculated.

4. Arrieta intends to offer into evidence at trial the invoices that the Firm has sent to him from May 2020 through March 2023 which detail the nature and value of the legal services that the Firm has provided to him. Copies of the available invoices from May 2020 through January 2023 were provided to the Third Party Defendants on January 24, 2023.

5. The Firm's invoices will be offered as records of a regularly conducted business activity in accordance with Fed. R. Evid. 803(6). However, the foundation testimony needed to qualify the records for admission will require an explanation of the Firm's normal process for generating client bills as well as an explanation of how these particular invoices were reviewed to segregate the hours devoted to the defense of Keller's claims and the prosecution of Arrieta's counterclaims from the hours devoted to prosecuting the claims against the Third Party Defendants.

6. The undersigned is the managing shareholder on this case and is responsible for reviewing and adjusting each month's billing records in this case before an invoice is sent to Arrieta.

7. As the managing shareholder, the undersigned has also reviewed all of the invoices that have been generated in this case to date to identify the entries which relate to hours devoted to the defense of Keller's claims and the prosecution of Arrieta's counterclaims. The undersigned will perform this same review on the Firm's February and March 2023 invoices so that an accurate and complete calculation of the amount of fees for which the Third Party Defendants are responsible can be made.

8. Arrieta's attorney's fee claim is a substantial part of his damages in this case. As such, Arrieta must be able to provide a thorough foundation for the invoices supporting his claim. The committee commentary to NMRA Rule 16-307 notes that,

> Subparagraph (2) of Paragraph A recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue. Moreover, in such a situation the judge has firsthand knowledge of the matter in issue. Hence, there is less dependence on the adversary process to test the credibility of the testimony.

9. The undersigned is also the lead attorney for Arrieta in this matter and will serve as lead counsel at trial.

Therefore, Arrieta requests that the Court permit the undersigned to appear as a witness at trial for the limited purpose of providing foundation testimony for the Firm invoices that have been sent to Arrieta and explaining the nature and value of the legal services which the Firm has provided to Arrieta.

        Respectfully Submitted,

        MONTGOMERY & ANDREWS, P.A.

        By: */s/ Randy S. Bartell*
            Randy S. Bartell
        P.O. Box 2307
        Santa Fe, NM 87504-2307
        (505) 982-3873
        rbartell@montand.com

        *Attorneys for Andrew F. Arrieta*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2023, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

        By */s/ Randy S. Bartell*
           Randy S. Bartell