IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                                                                        Civ. No. 20-0259-KG/SCY

ANDREW F. ARRIETA,

    Defendant/Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## ORDER GRANTING MOTION TO REOPEN DISCOVERY

This matter is before the Court on Third-Party Defendants Cooper & Scully's, Eric Hines', and Wesley G. Johnson's Motion for Leave to Reopen Discovery for a Limited Purpose. (Doc. 360). Third-Party Plaintiff Andrew Arrieta opposes the Motion. *Id.* at 2. A response has not yet been filed, but the Court determines a response would be unhelpful to its adjudication of the Motion. Having considered the Motion, the record of the case, and the applicable law, the Court grants the Motion.

In its Motion, the Third-Party Defendants request to reopen discovery for the limited purpose of obtaining the terms of the settlement agreement between Plaintiff Rachel Kay Keller and Defendant/Third-Party Plaintiff Arrieta. (Doc. 360) at 7. The Court initially determines the Settlement Agreement is potentially relevant to calculating the damages sought in the third-party

case and, therefore, is discoverable. *See* (Doc. 23) at 12–13 (damages sought); Fed. R. Civ. P 26(b)(1) (establishing scope of discovery).

The Court notes that whether to "reopen discovery is committed to the sound discretion of the trial court[.]" *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987). The Tenth Circuit teaches there are certain factors to consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citations omitted).

The Court concludes that the above factors, on balance, counsel reopening discovery on a limited basis. First, while trial is close, the Court finds it is not so imminent that a full 30-day discovery timeline could not be adhered to. Second, the Court finds there would be no prejudice to Mr. Arrieta. He has already indicated that he intends to introduce the Settlement Agreement as an exhibit, (Doc. 357) at ¶ 29, and so he will be required to disclose it eventually; opening discovery now simply accelerates the timeline and allows for better trial preparation. Next, the Court determines the late reopening of discovery is not due to the Third-Party Defendants' lack of diligence. They could not have requested disclosure of the Settlement Agreement during the discovery window because it did not yet exist. Finally, as already mentioned, the Court determines the discovery is potentially relevant to determining damages. Noting that Mr. Arrieta opposes the Motion, the Court nonetheless concludes the Motion is properly granted.

The Court here also references *Whatcott v. City of Provo*, 171 Fed. Appx. 733, 735 (10th Cir. 2006), in which the Tenth Circuit held it was not an abuse of discretion, in a bifurcated civil

rights action, to reopen discovery related to damages, over the plaintiff's objection, after determining liability.

For these reasons, the Court grants the Motion. Third-Party Defendants may propound discovery on Mr. Arrieta related to the terms of the Settlement Agreement between Mr. Arrieta and Ms. Keller, and about the Settlement Agreement's impact on Mr. Arrieta's claimed damages. Third-Party Defendants are limited to two (2) requests for production, two (2) interrogatories, and two (2) requests for admission. Third-Party Defendants shall propound their discovery requests no later than **Friday, March 10**. Mr. Arrieta shall respond no later than **April 10**. A Motion to Compel, if necessary, shall be filed no later than **April 14**, with a response due by **April 18**, and no reply permitted.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE