IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                                                                          Civ. No. 20-0259-KG/SCY

ANDREW F. ARRIETA,

    Defendant/Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## ORDER FINDING MOTION FOR SUMMARY JUDGMENT RELEVANT TO THE THIRD-PARTY CLAIMS AND DEFENSES

Before the Court is the Motion for Summary Judgment. (Doc. 257). Prior to addressing the substance of the Motion, the Court is presented the question whether that Motion is still relevant to the remaining third-party claim. *See* Third-Party Complaint (Doc. 23). Having considered the supplemental briefing, the arguments made at the status conference, the Third-Party Complaint, and the relevant law, the Court concludes the Motion is relevant and therefore should be adjudicated. The Court here only announces its finding as to relevancy. The Court will rule on the Motion before trial.

I.    *Procedural Background*

This case began when Plaintiff Rachel Kay Keller sued Defendant Andrew Arrieta for allegedly breaching the Non-Disclosure Non-Disparagement (NDND) clause of their Marriage

Settlement Agreement (MSA). *See* (Doc. 1). Because the alleged breach occurred during separate litigation, Mr. Arrieta filed a Third-Party Complaint against his former attorneys from that lawsuit for malpractice and indemnification. (Doc. 23). The primary action between Mr. Arrieta and Ms. Keller settled before trial. (Docs. 332, 337). There being numerous pending motions, the Court was presented the question which pending motions were still relevant to the third-party claim.

The Court ordered the parties to show cause which motions still required adjudication, (Doc. 335), and the parties agreed that most motions were moot, except the instant Motion for Summary Judgment, (Doc. 257), which remains the source of dispute. The Motion for Summary Judgment, brought by the Third-Party Defendants, argues the NDND was unenforceable due to unconscionability and/or that the Third-Party Defendants were protected from liability by the litigation privilege. (Doc. 257). Mr. Arrieta originally joined the Motion when it was directed against Ms. Keller, (Doc. 259), but the Court recently allowed him to withdraw that joinder, (Doc. 344) at 5, because he now argues the Motion is moot, (Doc. 339) at 2. Third-Party Defendants, proponents of the Motion, still seek a ruling. (Docs. 336, 340). After a status conference at which the parties made brief arguments on point, (Doc. 342), the Court entertained supplemental briefing. Order (Doc. 344); Arrieta's Response (Doc. 355); Third-Party Defendants' Response (Doc. 384).

Mr. Arrieta argues that the question of his liability to Ms. Keller is no longer at issue, and thus neither is the Motion for Summary Judgment. (Doc. 355) at 3. Rather, the settlement fixed his damages. *Id.* Mr. Arrieta explains that Third-Party Defendants are required to indemnify him based on a principal-agent theory of indemnification. *Id.* at 8–10. And a party seeking indemnification against a recalcitrant indemnitor, he argues, need only prove that a settlement

was reasonable and prudent under the circumstances. *Id.* at 11 (citing *Plumbers Specialty Supply Co. v. Enterprise Products Co.*, 1981-NMCA-083, ¶ 22).

Third-Party Defendants, on the other hand, argue that Mr. Arrieta's Third-Party Complaint brings a claim based in professional negligence, as opposed to traditional indemnification, and that Mr. Arrieta must first prove negligence before reaching damages. (Doc. 384) at 1–2. They urge that they are therefore entitled to any relevant defenses, including that they were not negligent when they introduced covered material into the previous litigation for the reasons raised in the Motion for Summary Judgment. *Id.* at 2.

At the core, this is a dispute about what type of indemnification action this is, if it is one at all. That is, does Mr. Arrieta state a claim for traditional indemnification which would obligate the Third-Party Defendants to cover his damages, and which leaves only the reasonableness of the settlement at issue? Or does Mr. Arrieta bring a claim for professional negligence that sounds in tort and requires establishing negligence before addressing damages?

Because the Court determines the Third-Party Complaint is for professional negligence rather than traditional indemnification, it concludes that affirmative defenses are available to the Third-Party Defendants, that the Motion for Summary for Judgment remains relevant, and that it must be adjudicated.

II.   *Legal Background*

As applied to this case, professional negligence and indemnification can seem like compatible, if not mutually reinforcing, concepts. But under New Mexico law, a professional negligence claim and an action for indemnification are distinct, a proposition best exemplified by a closely analogous case, which addresses whether the plaintiff "stated a claim for

indemnification or professional negligence." *New Mexico Pub. Sch. Ins. Auth. v. Arthur J. Gallagher & Co.* ("*NMPSIA*"), 2008-NMSC-067, ¶ 8.

To attempt to draw borders around these similar concepts, the Court notes that professional negligence, which the Court will also refer to as legal malpractice or just malpractice, is a tort claim arising from the duty of care that certain professionals like lawyers owe to their clients.  Generally, a plaintiff must prove the following elements to prevail on a claim for professional negligence: "(1) the employment of the defendant professional; (2) the defendant professional's neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss to the plaintiff." *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 50 (text only).  Duty in this case means "the duty to apply the knowledge, care, and skill of reasonably well-qualified professionals practicing under similar circumstances." *Adobe Masters, Inc. v. Downey*, 1994–NMSC–101, ¶ 3.

Next, indemnification generally is defined as "the action of compensating for loss or damage sustained." INDEMNIFICATION, Black's Law Dictionary (11th ed. 2019).  The New Mexico Supreme Court defines traditional indemnification as "a judicially created common-law right that grants to one who is held liable an all-or-nothing right of recovery from a third party...." *Safeway, Inc. v. Rooter 2000 Plumbing & Drain SSS*, 2016-NMSC-009, ¶ 15 (citation omitted).  The Court has also observed that "[t]he purpose of traditional indemnification is to allow a party who has been held liable without active fault to seek recovery from one who was actively at fault." *In re Consol. Vista Hills Retaining Wall Litig.* ("*Vista Hills*"), 1995-NMSC-020, ¶ 10.

In New Mexico, indemnification applies where there is "some independent, preexisting legal relationship between the indemnitee and indemnitor." *Id.* ¶ 8.  The "preexisting

relationship" requirement means that indemnification can proceed only on certain theories—contractual indemnification, implied warranty to indemnify, or equitable indemnification where there is derivative liability (*e.g.*, *respondeat superior* or land ownership). *E.g.*, *id.* ¶¶ 7–9 (defining types of indemnity); *also*, *NMPSIA*, 2008-NMSC-067, ¶¶ 17–33 (comprehensive treatment of different theories of indemnity).

The overlaps in professional negligence and indemnity should by now be clear. And the similarities are exacerbated because Mr. Arrieta, in the briefing, asserts a principal-agent theory of indemnification, (Doc. 355) at 8–10, which places this claim directly in the center of the Venn diagram between the two concepts.

Returning to *NMPSIA*, the New Mexico Supreme Court confronted a similar professional-client relationship and determined the complaint stated a claim for professional negligence and was not an action for traditional indemnification. 2008-NMSC-067, ¶ 33. Here, the Court turns its attention to the Third-Party Complaint, (Doc. 23), and concludes the same.

III.   *Analysis*

The Court concludes that the Third-Party Complaint, (Doc. 23), cannot be fairly read as having raised an indemnification claim. The Third-Party Complaint only states a claim for professional negligence.

In the Third-Party Complaint, Mr. Arrieta repeatedly and unambiguously describes the claim in terms of professional duties and professional negligence:

- "The *professional and ethical obligations* of the Third-Party Defendants in their representation of Arrieta required them to take all steps necessary to avoid exposing Arrieta to claims which have now been asserted against him by Ms. Keller." (Doc. 23) at 12, ¶ 13 (emphasis added).

- "The Third-Party Defendants were *negligent* in failing to utilize existing and available methods to prevent the Non-Disclosure and Non-Disparagement clause of the MSA from being violated and their failure to do so *fell below the standard of practice for licensed attorneys*[.]" *Id.* at 12, ¶ 14 (emphasis added).

- "Arrieta has already been injured as a result of the *professional negligence* of the Third-Party Defendants…. These actual and threatened injuries and damages are the *proximate result of the professional negligence* of the Third-Party Defendants." *Id.* at 12, ¶ 15 (emphasis added).

The word "indemnify" is used only a single time, appearing in the following paragraph describing damages: "The Third-Party Defendants are required to indemnify Arrieta and hold him harmless from the injuries and damages, both realized and threatened, *which result from the professional negligence* of the Third-Party Defendants[.]" *Id.* at 12, ¶ 16 (emphasis added). Even there, however, indemnification is used to define the appropriate remedy, but not as the legal basis of the claim, which instead is still couched in terms of negligence.

Equally important is what is left out. The Third-Party Complaint does not propound a theory for traditional indemnification. It does not state that Third-Party Defendants are contractually obligated to indemnify Mr. Arrieta either in express or implied contract. Nor does it state an indemnity claim by implied warranty. Neither still does it make a claim for equitable indemnity based in derivative liability. Finally, it does not claim indemnification based in a principle-agent theory. That theory is not raised until the supplemental briefing.[1] Instead, the

---

[1] The Court notes the theory was only raised in argument. The material facts in the supplemental briefing, like the Third-Party Complaint, are silent regarding any theory of indemnification. *See* (Doc. 355) at 4–7.

6

Third-Party claim is for legal malpractice, and demands, as damages, the costs of the downstream breach of contract lawsuit Mr. Arrieta defended and settled.

IV.     *Conclusion*

Mr. Arrieta's Third-Party Complaint states a claim for legal malpractice and cannot be read to claim traditional indemnification. The effect of this conclusion is that before arriving at damages, Mr. Arrieta's claim requires a first step: he must first prove professional negligence. And, the Third-Party Defendants may raise any relevant defenses, including that they were not actually negligent. For this reason, the pending Motion for Summary Judgment (Doc. 257) is relevant, and the Court will rule on it before trial.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE