IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RACHEL KAY KELLER,

    Plaintiff,

v.                                                                                                          Civ. No. 20-0259-KG/SCY

ANDREW F. ARRIETA,

    Defendant/Third-Party Plaintiff,

v.

COOPER & SCULLY, PC; ERIC HINES;
WESLEY G. JOHNSON; TOM CARSE; and
SEAN P. McAFEE,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Third-Party Defendant Sean P. McAfee's Motion to Exclude Partial Expert Opinion of Damon Ely. (Doc. 261). The Motion is fully and timely briefed. (Docs. 276, 295). Having considered the briefing, the exhibits, and the relevant law, the Court denies the Motion.

I.   *Background*

Daymon Ely is Third-Party Plaintiff Andrew Arrieta's retained expert regarding the standard of care applicable to this professional negligence action. One of Mr. Ely's opinions is that Mr. McAfee breached the duty of care to Mr. Arrieta when he failed to inquire whether the settlement amount, which was disclosed in the already-filed complaint, was protected by any confidentiality agreement. (Doc. 261) at 7 (quoting Deposition Transcript, (Doc. 261-7) at 41:25–43:1). Mr. McAfee urges this opinion should be excluded because it fails the Rule 702

tests for reliability and relevance. *Id.* at 9–11. Mr. McAfee argues the opinion is unreliable because Mr. Ely has "never opined upon or even seen this issue before," *id.* at 9, and "pulled this opinion out of thin air," *id.* at 7. He additionally argues the opinion is unreliable because it illogically applies this duty solely to Mr. McAfee and not to any other Third-Party Defendants. *Id.* at 9. Next, Mr. McAfee asserts the opinion is not relevant—it does not "fit" the case, he says—because Mr. Ely does not support it with an explanation and because Mr. Ely does not offer evidence that if Mr. McAfee had met his duty that it would have changed any outcome. *Id.* at 10. The Court construes this as an argument that Mr. Ely does not prove causation.

II.   *Legal Standards*

    A.   *Professional Negligence*

The elements of legal malpractice are: "(1) the employment of the defendant attorney; (2) the defendant attorney's neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss to the client." *Encinias v. Whitener L. Firm, P.A.*, 2013-NMSC-045, ¶ 8 (text only) (quoting *Sharts v. Natelson,* 1994-NMSC-114, ¶ 10). To prove a breach in the second element, a plaintiff must establish that the defendant attorney violated the required "standard of conduct." *Spencer v. Barber*, 2013-NMSC-010, ¶ 17 (citation omitted).

The instant Motion is high stakes because "[e]xpert testimony is generally necessary to explain the applicable standard of conduct, and a plaintiff's failure to present expert testimony to support a professional malpractice claim is usually fatal." *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 51 (citations omitted); *also, First Nat'l Bank of Clovis v. Diane, Inc.*, 1985–NMCA–025, ¶ 24 ("To establish malpractice, testimony of another attorney as to the applicable standards of practicing attorneys is generally necessary.").

B.  *Expert Testimony*

Federal Rule of Evidence 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule "imposes a gatekeeping function on district courts to ensure expert testimony is admitted only if it is relevant and reliable." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)). The "help the trier of fact" language in subsection (a) "is a relevance test for expert testimony." *Id.* That is, the testimony "must relate to a disputed issue in the case." *Id.*

As for reliability, in *Kumho Tire Co.* the Court held that trial judges' expert witness gatekeeping obligation applies not only to scientific testimony, "but also to testimony based on 'technical' and 'other specialized' knowledge," which is the case here. 526 U.S. at 141. In these situations, the "inquiry [is] a flexible one" and "must be tied to the facts of a particular case." *Id.* at 150. "[T]he law grants a district court the same broad latitude when it decides *how* to determine reliability as it enjoys in respect to its ultimate reliability determination." *Id.* at 141–42. As one New Mexico Court put it regarding legal malpractice experts, "[i]t is the responsibility of trial courts to insure that the proffered expert testimony by legal experts 'has a reliable basis in the knowledge and experience of [the relevant] discipline[.]'" *Andrews v. Saylor*, 2003-NMCA-132, ¶ 17, n3 (quoting *Kumho Tire Co.*, 526 U.S. at 149 (internal quotation marks and citation omitted; alteration in original)).

3

The Court is guided by the admonition that "the rejection of expert testimony is the exception rather than the rule," Fed. R. Evid. 702, Advisory Committee Note, and that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

III.  *Analysis*

The Court concludes the challenged testimony is admissible pursuant to Rule 702 because it is both relevant and reliable. The Court addresses relevance first and summarily rejects Mr. McAfee's argument for irrelevance. Mr. Ely's testimony clearly speaks to the lawyer's standard of conduct and therefore goes straight to the heart of a malpractice claim. This is true whether Mr. Ely's testimony addresses causation or not because an expert need not be relevant to every element of a claim. By addressing the standard of care, the testimony is relevant and helpful to the jury.

As for reliability, Mr. Ely's testimony is non-scientific and not based in "principles and methods" which may be tested empirically. Assessing the reliability thus falls within the Court's discretion and the guidance that the opinion is based in "the knowledge and experience" of the legal discipline. The Court finds that Mr. Ely has been a practicing attorney for over 40 years; that for the last 20 years, he has practiced in the area of legal malpractice; that legal malpractice constitutes approximately 80-percent of his practice; and that he has represented clients in over 100 malpractice cases. (Doc. 276) at 2 (citing (Doc. 261-6) at 2). He has also been retained as an expert witness in legal malpractice cases ten times. *Id.* at 3 (citing (Doc. 276-1) at 39:10–40:3). While Mr. McAfee does not challenge that Mr. Ely is, indeed, an expert, the Court notes

those qualifications because they go to reliability in this case where Mr. Ely relies on his depth of knowledge and experience to draw his conclusions.

Next, in drawing his conclusions about the standard of care that Mr. McAfee owed to Mr. Arrieta, Mr. Ely references the New Mexico Rules of Professional Conduct, specifically NMRA 16-102. (Doc. 276-1) at 27:24; 34:15–36:13; *see also Spencer v. Barber*, 2013-NMSC-010, ¶ 15 (recognizing Rules of Professional Conduct "provide guidance" for determining the standard of care in a malpractice case). He also relies on his experience to reason that it is "not uncommon in legal malpractice cases" to have an underlying issue with confidentiality agreements, which triggered what he concludes is Mr. McAfee's duty to inquire about one. *Id.* at 39:22–40:3. Given that Mr. Ely's opinion references the Rules of Professional Conduct and his vast experience, the Court concludes his opinion is reliable. To the extent Mr. McAfee disagrees that the standard of care includes a duty to inquire, he may address that disagreement via cross-examination, opposing expert witnesses, and argument at trial. It is solely within the jury's purview to determine what weight, if any, to assign to expert testimony.

Finally, Mr. McAfee argues that Mr. Ely's opinion is unreliable because it illogically applies the duty to inquire solely to Mr. McAfee and not to any other Third-Party Defendants. (Doc. 261) at 9. The Court disagrees that differentiating between defendants renders the opinion unreliable. It is axiomatic that multiple tortfeasors can exist in a single tort action, and those tortfeasors can each be liable under different theories of duty and breach where their relationships to and actions toward the injured party are different. *E.g.*, *Sanchez v. City of Espanola*, 1980-NMCA-008, ¶ 6, *rev'd on other grounds by Aalco Mfg. Co. v. City of Espanola*, 1980-NMSC-088 ("The right to contribution exists among joint tortfeasors regardless of the fact that they have been found liable under different tort theories[.]").

IV.  *Conclusion*

Determining that Mr. Ely's opinion is both relevant and reliable, the Court denies the Motion to Partially Exclude his testimony (Doc. 261).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE